630 P.2d 131

**J. R. SIMPLOT COMPANY, Appellant,**

v.

**INTERMOUNTAIN GAS COMPANY and the Idaho Public Utilities Commission, Respondents.**

**BEKER INDUSTRIES CORP., Appellant,**

v.

**INTERMOUNTAIN GAS COMPANY and Idaho Public Utilities Commission, Respondents.**

**In the Matter of the Application of IN-TERMOUNTAIN GAS COMPANY FOR AUTHORITY TO INCREASE ITS RATES EFFECTIVE MARCH 19, 1978.**

Nos. 13185, 13187.

Supreme Court of Idaho.

June 3, 1981.

Robert J. Ennis and Thomas A. Miller of Hawley, Troxell, Ennis & Hawley, Boise, for appellant J. R. Simplot Co.

Larry D. Ripley of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for the appellant Beker Industries Corp.

Tom Ambrose of Moffatt, Thomas, Barrett & Blanton, Boise, for Intermountain Gas Co.

Mary Ann Johnson, John J. McMahon, and Lynn E. Thomas, Esq., Deputy Attys. Gen., for Idaho Public Utilities Commission.

DONALDSON, Justice.

On February 17, 1978, Intermountain Gas Company filed an application with the Idaho Public Utilities Commission requesting authorization to impose permanent revised rates and charges for natural gas service in the state of Idaho in the amount of $5,287,-963 to become effective on March 19, 1978. Appellants, Beker Industries Corp. and J.R. Simplot together with FMC Corporation, intervened in the proceedings. Hearings before the Commission were held during April, May, and July of 1978.

Intermountain Gas Company presented cost of service evidence through its witness Nichol. Additionally, its witness, Penning, recommended that all rates be increased on a uniform cents-per-therm basis. The IPUC staff introduced a cost of service study by its witness Winterfield, who recommended that rates of the Large Volume customer class (LV–1) be left unchanged. Beker and Simplot presented a cost-of-service study by their witness Clay, who recommended that LV–1 rates be decreased.

In its final order, Commission Order No. 14141, dated September 20, 1978, the Commission authorized Intermountain Gas Company an increase in rates and charges for natural gas service of $3,289,953. The rate increase was allocated to Intermountain's customer classes by a uniform percentage increase. The then existing LV–1 rate class was divided into four classes: (1)

water pumping service, (2) seasonal interruptible, (3) peak interruptible and (4) firm service. Additionally, the Commission held that it was unjust and unreasonable to divide the firm industrial service class into two classes on the basis of size. This appeal is concerned only with the Commission's allocation of the rate increase and its refusal to divide the firm industrial service class. The appeals of Simplot and Beker have been consolidated.

The appellants argue, inter alia, regarding the allocation of the rate increase that the Commission improperly ignored the cost of service studies, made social and energy policies without constitutional or statutory authority, and failed to make basic findings of fact. Additionally, appellants contend that the Commission's refusal to divide the firm industrial service class is not supported by substantial and competent evidence.

This Court in *Grindstone Butte Mutual Canal Company v. Idaho Public Utilities Commission*, 627 P.2d 804, (1981), [hereinafter Grindstone II] reaffirmed our standard of review for this type of case. In Grindstone II, this Court held that:

"The Idaho Constitution provides us with the jurisdiction to review but it also provides for legislative definition of the scope of review. Id. Const. art. 5, § 9.
. . . .

"Thus, our focus must be upon the evidence presented to the Commission. If the evidence is competent and substantial in support of the findings made and there has been no clear abuse of discretion, this Court is constrained to affirm those findings.
. . . .

"Rates determined by the Commission must be just and reasonable. I.C. §§ 61–301, 61–315 & 61–502.
. . . .

"Again cost of service is but one criterion to consider. The question then is not whether one particular type of evidence is present in support of the rate differentiation, but, rather, whether the evidence as a whole in light of the circumstances of the particular case supports the differentiation, substantially, competently and with a just and reasonable result.
. . . .

"Absent a legislative pronouncement to the contrary, we find it within the Commission's jurisdictional province to consider in its rate making capacity all relevant criteria including energy conservation and concomitant concepts of optimum use and resource allocation." (footnote omitted). *Id.* at 4–11.

In *Boise Water Corp. v. Idaho Public Utilities Commission*, 97 Idaho 832, 840, 555 P.2d 163, 171 (1976), we held that

"the Commission must present in its order the basic (not merely 'ultimate') facts necessary to support reasonably its conclusion regarding facts in issue. . . . What is essential are sufficient findings to permit the reviewing court to determine that the Commission has acted non-arbitrarily."

A review of the entire record in the case at bar indicates that there is competent and substantial evidence in the record to support all the Commission's findings. There is no evidence presented of an abuse of discretion by the Commission. The Commission's order regarding rate allocation and refusal to divide the firm industrial service class was neither unjust nor unreasonable. Finally, the Commission's findings are sufficient to permit us to determine that the Commission has acted non-arbitrarily.

Thus, pursuant to I.C. § 61–629, we find that no issue raised by appellants on this appeal presents an incident of reversible error. We recognize that the question of rate increase allocation between customer classes is becoming a more important aspect of the Commission's decision. However, our standards for review as set out in *Grindstone II* are well established. For those who are dissatisfied with the Commission's decision but have no effective appeal under the standards as set out in I.C. § 61–629 and *Grindstone II*, they should take their petition for redress to the legislature itself. We therefore affirm Commission Order No. 14141 as it pertains to the

allocation of the rate increase and the refusal to divide the firm industrial service class.

BAKES, C. J., and McFADDEN and BISTLINE, JJ., concur.

SHEPARD, J., dissents without opinion.